**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.: 1:04-CR-27 (WLS) |
| THOMAS J. MILES, | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Pending before the Court is Defendant's motion to reset bond to release Defendant from custody pending sentencing.  (Tab 40).  For the following reasons, Defendant's motion (Tab 40) is **DENIED.**

**DISCUSSION**

On April 12, 2005, Defendant was convicted by a jury of aggravated assault, terroristic threats, and theft of government property.  Because Defendant was convicted of a crime of violence, he was taken into custody pursuant to 18 U.S.C. § 3143(a)(2).  Section 3143(a)(2) provides:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C.A. § 3143.

Defendant brought the instant motion pursuant to § 3143(a)(2) and § 3145, which allows release upon a showing of exceptional circumstances.  The Court held a hearing on the motion on June 2, 2005.  At the hearing the Court heard arguments of counsel and testimony from the Defendant.

At the outset, Defendant failed to show that his case is likely to be reversed **and** that he

poses no risk to flee or cause harm. The second element was not reached because Defendant failed to satisfy the first element. The Court notes that Defendant did not file a motion for new trial or a motion for acquittal, in which, he could have argued the merits of the validity of his conviction. Likewise, there is no evidence that the Government has or will recommend a sentence that does not include confinement. 18 U.S.C. § 2143(2)(A)(ii). While it is arguable that Defendant satisfies the second element of the 3143(a)(2) test, he presented no additional evidence that the case would be reversed other than those made at trial.

As to the showing of "exceptional circumstance" as required by § 3145, Defendant attempted to show that he is in need of immediate back surgery or other treatment. Defendant testified, however, that his back problem has been on-going and that such surgery is essentially elective. Further, the record reveals that neither the Workers' Compensation Board nor Judge has provided for or approved the surgery as the injury was allegedly caused while Defendant was at work. Even if his wife's health insurance would pay for such surgery, as he now argues, that the need for such surgery is an emergency is belied by the fact that he could have had it performed long before the trial of this case. Defendant's other arguments fail to show that his circumstances are truly exceptional.

Defendant, therefore, has failed to satisfy § 3143 or § 3145 for release prior to sentencing. Accordingly, Defendant's motion for bond or release pending sentencing (Tab 40) is **DENIED.**[1]

**SO ORDERED**, this  6th  day of July, 2005.

 /s/W. Louis Sands 
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1]. The Court notes that following the hearing on Defendant's motion for release pending sentencing, Defendant filed a motion to supplement the record. (Tab 46). Defendant did not present any additional "evidence," but states that his wife's insurance would pay for his surgery. However, as stated, the Court considered, but rejected Defendant's suggestion. Therefore, said motion (Tab 46) is **DENIED as moot.**